CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 25 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT A. HANCOCK,<br>    Plaintiff, | Civil Action No. 7:10-cv-00045 |
| v. | **MEMORANDUM OPINION** |
| MAJOR JOHN COMBS, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Robert A. Hancock, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Major John Combs and Captain D. Anderson of the Wallens Ridge State Prison ("WARSP") as the defendants. Plaintiff alleges that the defendants confined him in unsanitary conditions, in violation of the Eighth Amendment. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his amended complaint filed after the court's conditional filing order that advised him his original complaint failed to state a claim upon which relief may be granted. (Dkt. #10.) While assigned to the Wise Correctional Unit ("WCU") in Coeburn, Virginia, plaintiff worked at WARSP as an outside worker. On September 24, 2009, a correctional officer alleged that plaintiff locked him a bathroom stall and subsequently filed institutional charges against him. However, this charge was dismissed after plaintiff's appeal because another correctional officer knew that plaintiff did not do it.

On September 30, 2009, plaintiff was supposed to return to WARSP for an eye exam, but plaintiff was hesitant, fearing retribution from WARSP officials because of the dismissed charge.

Nonetheless, plaintiff arrived at WARSP later that day and was assigned a cleaning job until his eye exam. While plaintiff was cleaning an office, Major Combs confronted plaintiff and ordered Captain Anderson to place plaintiff in holding cell #6 for no particular reason. Combs asked plaintiff why he was in Combs' compound, and plaintiff told him that he was there pending transportation to his eye exam.

Anderson led plaintiff to cell #6, which had bodily waste from the previous prisoner smeared on the floor and walls. The cell had a noxious odor, plaintiff told a correctional officer about the cell's condition, and plaintiff asked if someone could clean it. The correctional officer replied that Combs denied his cleaning request and said plaintiff had to stay in the cell until he left WARSP. Another correctional officer retrieved plaintiff from the cell ninety minutes later to transport plaintiff to the eye exam. After the eye exam, plaintiff returned to the same dirty cell for 150 minutes until plaintiff left WARSP to go back to WCU. Five witnesses to the cell's environment were allegedly astounded by the conditions plaintiff experienced.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the

pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d

1375, 1379 (4th Cir. 1993) (internal quotation marks omitted). A deprivation of a basic human need must objectively be "sufficiently serious," and deliberate indifference requires a prison official to subjectively act with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298-300 (1991). Extreme deprivations are required to make out a prison conditions claim because routine discomfort is part of a criminal penalty, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to constitute an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Even if I assume, arguendo, that defendants exhibited deliberate indifference, plaintiff fails to establish a deprivation of a sufficiently serious objective need to state an Eighth Amendment claim. The most notable fact is that plaintiff is not incarcerated at WARSP and he was in the cell only for two short periods on the same day. Plaintiff was in the cell for ninety minutes, was away from the cell for an undisclosed amount of time for his exam, and then returned to the cell again for two and a half hours. At the conclusion of this period, plaintiff was transported to his own correctional facility and was no longer under the defendants' supervision or subject to WARSP's conditions. Although certainly uncomfortable, plaintiff's temporary four-hour daytime stay in an allegedly filthy cell while housed at a different facility does not constitute an extreme deprivation of a basic human need. Furthermore, plaintiff does not allege that he experienced any resulting physical or emotional injury from these conditions. See Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1178 (Feb. 22, 2010) (stating that an inmate's extent of injury is a relevant factor for an Eighth Amendment claim).

The case upon which plaintiff relies, Jordan v. Fitzharris, 257 F. Supp. 674 (N.D. Cal. Sept. 6, 1966), does not have analogous facts to support plaintiff's legal arguments. In Jordan,

4

the inmate was placed in solitary confinement for twelve consecutive days, during which the unheated cell had bodily wastes smeared on its floor and walls and was never cleaned. The inmate did not have clothes for the first eight days, and the only place to sleep was on a small canvas mat on the floor. The cell's continuous state of filth caused the inmate to be nauseous and vomit, which was also never cleaned. The inmate was unable to clean his body, hands, or teeth during the twelve days, and he had to handle and eat his food without any sanitation. The inmate did not receive fresh air or light except for thirty minutes per day, and he received two cups of water per day. The district court in <u>Jordan</u> granted equitable relief to require correctional officials to revise their policies and conditions for solitary confinement. The deprivations experienced by the inmate in <u>Jordan</u> clearly contrast with plaintiff's ninety minute and two and a half hour stays in the cell. Plaintiff does not allege such an extreme deprivation to constitute an Eighth Amendment claim, and thus, his complaint must be dismissed.

III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and the action is stricken from the active docket of the court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 25th day of May, 2010.

Senior United States District Judge